UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLUTIONS PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH THOMAS, <br><br> Defendant. | Civil No. 09-cv-4778 (NLH)(KMW) <br><br> OPINION |

**APPEARANCES**:

Stanley B. Cheiken, Esquire
The Pavilion, Suite 503
261 Old York Road
Jenkintown, PA 19046
*Attorney for Plaintiff Solution Partners, Inc.*

Steven J. Sico, Esquire
The Law Office of Steven J. Sico, LLC
235 Main Street
Woodbridge, NJ 07095
*Attorney for Defendant Joseph Thomas*

**HILLMAN, District Judge**:

This matter comes before the Court on plaintiff Solution Partners, Inc.'s ("SPI") Motion to Dismiss defendant Joseph Thomas's counterclaim. For the reasons expressed below, SPI's motion will be granted and Thomas's counterclaim will be dismissed, with leave to amend.

**I.  Jurisdiction**

This Court has diversity jurisdiction over plaintiff's claims and defendant's counterclaim pursuant to 28 U.S.C. §

1

1332(a). Plaintiff, SPI, is a corporation, organized under the laws of the State of California, with its principal place of business in Los Gatos, California. Defendant, Thomas, is a citizen of the Commonwealth of Pennsylvania. Plaintiff alleges an amount in controversy exceeding the sum of $75,000.

## II. Background

SPI is an information technology solutions company that provides consulting services to companies throughout the United States.[1] In November 2008, Thomas and Scott Stein agreed to form a partnership to work in tandem with SPI. Thomas refused to sign an employment agreement devoid of any provisions relating to their partnership, but he nonetheless agreed to work with SPI and Stein as an at-will consultant.

One of Thomas's clients included South Jersey Healthcare, whom he served as a consultant. Although he performed services

---

[1] As set forth below, infra note 2, given that the present matter comes before the Court by way of SPI's Motion to Dismiss, Thomas's allegations are accepted as true and viewed in a light most favorable to him as the nonmoving party, as is required when reviewing a motion to dismiss. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).
   Not surprisingly, plaintiff has a different version of the facts. According to the complaint, Thomas entered into an employment agreement with SPI, and in or around February 2009, SPI assigned Thomas to act as Principal Consultant with SPI's client, South Jersey Healthcare. When SPI submitted its invoice to South Jersey Healthcare, it learned that Thomas had already submitted his own invoice. In light of these allegations, SPI sets forth causes of action for breach of contract, breach of duty of loyalty, conversion, and tortious interference with contractual relations.

for South Jersey Healthcare during his relationship with SPI, South Jersey Healthcare remained Thomas's client.

On or around March 31, 2009, Thomas resigned from his position with SPI. Several months later, in September 2009, SPI filed a suit in this Court against Thomas. In response to SPI's complaint, Thomas filed an answer and a counterclaim, along with a third-party complaint against Stein. In an attempt to secure a management position with SPI, says Thomas, Stein lured him into a business relationship through material misrepresentations. Moreover, Thomas iterates that South Jersey Healthcare was and is his client, and not SPI's.

As part of his counterclaim, Thomas alleges that SPI tortiously interfered with his contractual relations. In particular, Thomas claims that SPI "has been constantly harassing South Jersey Healthcare for payment of services that were rendered by" Thomas. Through their threats and harassment, Thomas concludes, SPI has intentionally and maliciously interfered with his relationship with South Jersey Healthcare and has caused harmed by depriving him of future assignments with his client.

On November 9, 2009, SPI filed a motion to dismiss Thomas's counterclaim for failure to state a claim upon which relief may be granted. Presently before the Court is SPI's Motion to Dismiss.

**III. DISCUSSION**

### A.  Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the nonmoving party.[2]  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a [claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all

---

[2] Ordinarily, a motion to dismiss is filed by a defendant seeking dismissal of a plaintiff's claims.  As such, the allegations set forth in a plaintiff's complaint are usually entitled to all favorable inferences.  In this case, however, the plaintiff, SPI, has filed the motion to dismiss and is challenging the viability of the counterclaim asserted by the defendant, Thomas.  Accordingly, by virtue of Thomas being the nonmoving party here, those facts articulated by Thomas are to be accepted as true, with all favorable inferences drawn in support thereof.  See Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F. Supp. 2d 552, 556 (D.N.J. 2002) ("Here, in a motion to dismiss counterclaims, the allegations must be viewed in the light most favorable to defendant, the non-movant.").

civil actions' . . . ." (citation omitted)).  Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis.  First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the [claimant] has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950); see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)).  The movant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

### B. Tortious Interference

In his counterclaim, Thomas alleges that SPI tortiously interfered with his working relationship with South Jersey Healthcare, and seeks to recover damages under a theory of

5

tortious interference with contractual relations.  SPI argues that Thomas's counterclaim must be dismissed for failure to state a claim upon which relief can be granted because he fails to aver the factual allegations required to establish a claim for tortious interference.  In response, Thomas provides a certification in defense of his counterclaim and his third-party complaint.[3]

To the extent Thomas alleges tortious interference with contractual relations, this Court also construes his counterclaim to allege tortious interference with prospective economic advantage, as the elements of each claim are virtually identical. See Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 256 F. Supp. 2d 249, 288 (D.N.J. 2003) ("The requirements for each claim are identical except that the tortious interference with contractual relations claim requires proof of an existing

---

[3] Thomas did not oppose SPI's Motion to Dismiss with an opposition brief.  Rather, he filed a certification in which he reiterates and supplements the allegations set forth in his counterclaim and third-party complaint.  This is procedurally improper.  For purposes of pleading, the sufficiency of a complaint, generally, rises and falls on the face of the complaint and any exhibits or authentic documents upon which the complaint or motion to dismiss rely.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (explaining that "[t]o decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," along with "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").  As set forth below, we consider this supplemental pleading as a request for leave to file an amended complaint.

contract."). In order to state a claim for tortious interference with contractual relations and/or prospective economic advantage, a plaintiff must prove: (1) the existence of a contract or of a "reasonable expectation of economic advantage;" (2) an intentional and unjustifiable interference with the contract or expectation by defendant; (3) the interference caused the loss of contract or prospective gain; and (4) the injury caused the damage to the plaintiff. Printing Mart-Morristown v. Sharp Elecs. Corp., 563 A.2d 31, 37 (N.J. 1989) (citation and internal quotation marks omitted); see also Espinosa v. County of Union, 212 F. App'x 146, 157 (3d Cir. 2007). Fundamental to the cause of action for either claim, each must be directed at defendants who are not parties to the relationship. Sharp Elecs. Corp., 563 A.2d at 37.

In this case, although Thomas does not allege explicitly that he has a contractual relationship with South Jersey Healthcare, he does allege that he has a working relationship with it, sufficient for him to reasonably expect economic advantages. Gleaning no significant deficiency with the first element of his claim, the Court moves forward.[4] Notwithstanding

---

[4] Although no fatal defect exists with regards to the first element of the tortious interference claim to warrant dismissal, upon leave to amend, the Court directs the defendant to provide more specificity with regard to his relationship with South Jersey Healthcare. Such information may relate to the nature of the relationship, any existing documents that memorialize or define the relationship, and when and how the relationship began.

any contract or prospective economic advantages, Thomas makes only vague accusations that SPI harassed and threatened South Jersey Healthcare in order to recover payment for services provided by Thomas.  In the absence of a more vivid description of what SPI did, the Court cannot construe these averments to sufficiently set forth a claim that SPI intentionally and without justification interfered with Thomas's working relationship with South Jersey Healthcare.  See Iqbal, 129 S. Ct. at 1949 (stating that federal pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and that a pleading fails if it "offers labels and conclusions" or "tenders naked assertion[s] devoid of further factual enhancement" (citations and internal quotation marks omitted)).  Thomas simply does not specify in what manner SPI harassed and threatened South Jersey Healthcare other than to say that the harassment and threats were constant.  Even at this preliminary stage of litigation, Thomas's allegations must be more specific and detailed.[5]  See id. (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to sustain the alleged claim against a motion to dismiss).

   Additionally, Thomas fails to allege that any interference

---

[5] Were Thomas able to articulate more specific facts to show how SPI harassed or threatened South Jersey Healthcare, the intentional or unjustifiable nature of SPI's actions may be self-evident.

by SPI actually <u>caused</u> a loss in business or termination of his working relationship with South Jersey Healthcare or otherwise harmed him.  Although he alleges that Stein's misconduct and interference caused him harm in the loss of future assignments from South Jersey Healthcare, such an allegation neither identifies SPI nor is sufficient under Rule 12(b)(6), and thus is unavailing.  <u>See</u> <u>Koger, Inc. v. Klco</u>, 2009 U.S. Dist. LEXIS 27146, at **13-14 (D.N.J. Mar. 9, 2009) (finding that plaintiff's assertion that "it has lost or may lose business as a result of Defendants' tortious conduct" is no more than a "forumulaic recitation of the elements of a cause of action" (citation and internal quotation marks omitted)); <u>see also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997) ("In deciding a motion to dismiss, a court . . . need not credit a complaint's 'bald assertions' or 'legal conclusions.'" (citation omitted)).  Thomas must state, with greater specificity, how SPI's alleged misconduct harmed him and caused damage.  In other words, Thomas is responsible to plead what, if any, opportunities have already been impaired or what future assignments he may lose on account of SPI's interference.  Thomas has failed to sufficiently set forth a claim for tortious interference of a contractual relationship and/or prospective economic advantage.  Accordingly, his counterclaim must be dismissed.

     Finally, though agreeing with SPI that Thomas has not

9

satisfied the federal pleading standard, the Court believes, in the interests of equity, that Thomas should have an opportunity to amend his counterclaim.[6]  First, the counterclaim in this matter is only marginally more bare-boned than the complaint itself.  Indeed, it appears the counterclaim is in essence a less detailed mirror image of the similar count asserted against the defendant in the complaint.  Second, Thomas's certification opposing the present motion, in conjunction with his prior submissions, suggests that sufficient facts may exist to satisfy Twombly and Iqbal.

   Lastly, and most importantly, it appears from the pleadings and other submissions of the parties that they assert almost diametrically opposed sets of facts.  For example, either Thomas was an employee assigned to service an SPI client and diverted the firm's fee to himself, or he brought an existing client to a proposed partnership that failed and, having performed the work, was entitled to the fee.  There are nuances, no doubt, but it seems likely to the Court that both parties are on general notice as to the factual and legal claims of the other and that, once properly amended to assert the requisite facts as to each and

---

[6] In his own certification opposing SPI's Motion to Dismiss, Steven J. Sico, Thomas's counsel, challenges SPI's assertion that the counterclaim is inadequately pled, but adds: "even assuming arguendo, that there was some credence to Plaintiff's allegations in this motion, which there is none, the proper course of action is an amended pleading, it is not a dismissal and certainly not with prejudice."

every element of the claim, both the complaint and the counterclaim may present viable causes of action.

Therefore, given the likelihood that Thomas can satisfy our pleading rules and the straightforward and relatively simple nature of this case, it is prudent that Thomas be afforded leave to amend his counterclaim and to comply with the Twombly/Iqbal standard of pleading.  In so doing, the Court advises Thomas that those facts alleged in his certification belong in his complaint and should not be relegated to a supplemental document, like a certification or affidavit.

For the reasons stated above, SPI's Motion to Dismiss is granted, and Thomas's counterclaim is dismissed, without prejudice.  Further, Thomas is granted twenty (20) days from the date of this Opinion to amend his counterclaim to comply with this decision and the federal pleading standard.

## IV.   CONCLUSION

For the foregoing reasons, SPI's Motion to Dismiss will be granted and Thomas's counterclaim dismissed, without prejudice. Further, Thomas will have twenty (20) days from the date of this Opinion to amend his counterclaim to satisfy federal pleading requirements, as explained above.  An Order consistent with this Opinion will be entered.

Date: May 21, 2010                   /s/ NOEL L. HILLMAN
At Camden, New Jersey            HON. NOEL L. HILLMAN, U.S.D.J.

11